# Chicago and Eastern Illinois Railroad Company *v.* Conrad.

[No. 22,428.   Filed July 3, 1914.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Averment of Negligence.—Theory.*—A complaint, in an action by a railroad switchman against the company for injuries by falling on a plank crossing maintained between defendant's tracks, alleging that the crossing so maintained by defendant covered a space of about six feet and inclined one inch to every foot, that by reason of such incline the crossing was dangerous, that the engines operated by defendant were constantly leaking steam and water which made such crossing wet and slick and thus enhanced the danger therefrom, that on the day of the injury defendant operated an engine which was badly out of repair and leaked unusual quantities of water on the crossing which formed ice, and "that by reason of said ice and said incline and said boards being wet and frozen and slick," the crossing was highly dangerous, etc., was sufficient against demurrer on the theory that the injury was the proximate result of two combined causes.   p. 174.

2. MASTER AND SERVANT.—*Injuries to Servant.—Negligence.—Instructions.*—Where the complaint in an action for injuries to a railroad switchman, caused by falling on a crossing maintained by defendant, charged that the boards of the crossing were inclined, that as a result of water and steam leaking from defendant's engine they were rendered wet and slick and that on the day of the injury ice had formed thereon, and that "by reason of said ice and said incline and said boards being wet and frozen and slick," the crossing was highly dangerous and slick, neither of said facts in and of itself constituted negligence, though, if proved, they could be considered in determining if defendant was negligent in failing to provide plaintiff with a safe place to work, hence an instruction was erroneous which authorized the jury to infer that the maintaining of the crossing at an incline, or the operation of a leaky engine was sufficient to render defendant liable.   p. 176.

3. APPEAL.—*Review.—Instructions.—Failure to State Issues.*—While the mere failure to state the issues in instructions to the jury is ordinarily regarded as harmless error, it is cause for reversal where the character of the complaint is such that a failure to do so might operate to mislead the jury.   p. 176.

4. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.—Jury Question.*—In an action for injuries to a railroad

switchman, caused by falling upon a defective crossing maintained by defendant, where it appeared from the complaint that at the time of the accident plaintiff was engaged in work which necessarily required his close attention, and that he had no notice or knowledge of the unusual conditions then existing at the crossing, and there was evidence tending to support such allegations, the question of whether plaintiff had assumed the risk was properly left to the jury. p. 177.

5.  APPEAL.—*Review.*—*Instructions.*—Though some of the instructions given are open to objections urged, the error in the giving of same, and in the refusal of instructions requested, is harmless, where it appears that the instructions given, when considered as a whole, correctly stated the law and fully cover those refused, but is reversible error if not so cured. p. 177.

From Vermillion Circuit Court; *Barton S. Aikman,* Judge.

Action by Joseph Conrad against the Chicago and Eastern Illinois Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Lamb, Beasley, Douthitt & Crawford,* for appellant.
*Aikman & Fultz, Duvall & Beall, Gould G. Rheuby* and *Walker & Blankenbaker,* for appellee.

SPENCER, J.—Suit by appellee to recover damages for personal injuries alleged to have been sustained while he was employed as a switchman by the Evansville and Terre Haute Railroad Company, which company was consolidated with appellant subsequent to the injury complained of and prior to the trial of this cause. From a judgment on the general verdict of the jury in favor of appellee this appeal is taken.

Appellee's amended complaint, on which the cause was tried, is based on the common law and charges, in substance, that at a certain street crossing in the city of Terre

1.  Haute appellant's predecessor, hereinafter referred to as appellant, maintained a plank or board crossing between its tracks at their intersection with said street; that said boards covered a space of about six feet between said tracks and inclined or sloped about one inch downward to every foot, being higher on the east side than on the west

side; that the work and duty of employes who were employed at and near said crossing as switchmen required them frequently to walk on said boards and near the west side thereof; that said crossing and place on and along said boards was highly dangerous to persons employed as switchmen at said place, in that they were liable, on account of said incline, to slip and fall under the cars and engines which were constantly being operated along said tracks; that the engines thus operated over said crossing were constantly leaking water and steam, thus making said boards and planks at said intersection and incline wet and slick; that the danger to the employes of appellant was greatly enhanced by reason of said boards and planks becoming wet and slick; that on March 21, 1909, the date of the injury complained of, appellant caused to be operated over said crossing an engine which was badly out of repair and leaked water in large and unusual quantities; that the water thus placed in unusual quantities on said boards and plank froze and formed ice thereon; "that by reason of said ice and said incline and said boards being wet and frozen and slick, said incline and said boards and said space between said tracks at said intersection was a highly dangerous place for persons employed as switchmen to' walk and perform their work as switchmen at said place."

Appellee contends that the complaint charges negligence in three respects:   (1) In the maintaining of a board crossing at an incline of an inch to a foot where appellee was required to work;  (2) in the enhanced danger in said incline by reason of the same becoming wet and slick on account of steam and water being ejected from engines; and  (3) in the use of a defective engine which leaked unusual quantities of water on said boards as it passed over them, thus causing ice to form on the crossing.   Appellant, on the other hand, takes the position that the pleading is drawn on the theory that appellee's injury was the proximate result of two combined causes, the slant of the crossing boards and the pres-

ence of the water and ice thereon. The language used in the complaint is not, in all respect, clear and definite but a careful examination of the pleading as a whole convinces us, that as against appellant's demurrer, it can be sustained only on the theory that the injury complained of was the proximate result of two combined causes.

Instruction No. 2 given by the court at the request of appellee told the jury that "It is not necessary that the plaintiff establish by a preponderance of the evidence all the various acts of negligence charged against the original defendant, the Evansville and Terre Haute Railroad Company, in the complaint. It is sufficient if the plaintiff has proven by a preponderance of the evidence that he was injured as alleged in his complaint, and that his injuries were proximately caused by any one or more of the substantial and material acts of negligence charged in his complaint against the said Evansville and Terre Haute Railroad Company." This instruction is open to two serious objections under the facts of this case: (1) It permits a recovery on proof that appellant committed any one of the acts alleged to have been negligent, and (2) it places on the jury the responsibility of determining what are "the substantial and material acts of negligence" charged in the complaint. Among other things, it authorized the jury to infer that the maintaining of a board crossing at a slight incline was an act of negligence which, if proved, would entitle plaintiff to a recovery; or that the operation of a leaky engine was enough to render appellant liable to appellee. While these facts, if proved, were properly to be considered in determining whether appellant was negligent in not providing appellee with a safe place in which to perform the duties of his employment, neither one, in and of itself, constituted negligence. While "the mere failure of a court to state the issues in the instructions to the jury is not reversible error" (*Pittsburgh, etc., R. Co.*

v. *Lightheiser* [1907], 168 Ind. 438, 459), yet the better practice demands that it be done, and in this case it was particularly important that the essential charge of negligence should have been clearly stated to the jury. We must hold that the giving of instruction No. 2 constitutes reversible error.

Appellant earnestly insists that the complaint shows that appellee's injury was the proximate result of a condition which he assumed as one of the risks of his employ-

4. ment. We deem it unnecessary to set out in this opinion all of the averments of the complaint but it appears therefrom that at the time of the accident appellee was engaged in work which necessarily required his close attention and that he had no notice or knowledge of the unusual conditions then existing at the crossing. There is some evidence in the record which tends to support these allegations and we hold that the question of assumption of risk was properly left to the jury.

Nearly sixty instructions covering every phase of this case were given to the jury and appellant now urges error in many of those given and in the refusal to give

5. others which were tendered. While some of the instructions given, when considered alone, are open to the objections urged, the error in each instance is either one of omission, which is cured by other instructions given, or raises the same question as is presented by instruction No. 2 above considered. Except for this error the instructions taken together state the law applicable to the case, although clearness is at times sacrificed through unnecessary repetition.and the charge, as a whole, is thus rendered less instructive than a more concise statement of the law would have been.

Other errors suggested will probably not occur on a retrial of the issues and for that reason are not considered in this opinion.

Vol. 182—12

Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings in accordance with this opinion.

NOTE.—Reported in 105 N. E. 897. As to proximate and remote causes in personal injury cases, see 50 Am. Rep. 569; 36 Am. St. 807. See, also, under (1) 26 Cyc. 1386; (2) 26 Cyc. 1497; (3) 38 Cyc. 1608; (4) 26 Cyc. 1478; (5) 38 Cyc. 1778.